**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTEBAN MORAN, <br><br>            Plaintiff, <br><br> v. <br><br> HAWTHORNE POLICE DEPARTMENT, BOROUGH OF HAWTHORNE, SERGEANT JAMES HAYES, PATROLMAN RYAN DALEY, PATROLMAN ZACHARY GROCHOWSKI, AND JOHN AND JANE DOES POLICE OFFICERS 1-2, individually and in their official capacity, <br><br>            Defendants. | Civil Action No. 24-9196 (SDW) (SDA) <br><br> **OPINION** <br><br> March 18, 2025 |

**WIGENTON**, District Judge.

Before this Court is Defendants'[1] Motion to Dismiss ("Motion to Dismiss") (D.E. 11) Plaintiff Esteban Moran's ("Plaintiff") Complaint (D.E. 1 (Compl.)) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Defendants include the Hawthorne Police Department, Borough of Hawthorne, Sergeant James Hayes, Patrolman Ryan Daley, Patrolman Zachary Grochowski, and John Does Police Officers 1-2.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**[2]

This case stems from an incident occurring on July 4, 2023 at the Goffle Brook Park in Hawthorne, NJ. (Compl. ¶ 11.) Plaintiff alleges that he was "in a heightened and distressed emotional state" and that police officers, including Defendants James Hayes, Ryan Daley, Zachary Grochowski, and other unknown officers (the "Officer Defendants") arrived on the scene and initially provided assistance before beginning to "assault, strike, push, and twist Plaintiff." (*Id.* ¶¶ 12–15.) Plaintiff further alleges that the Officer Defendants continued to apply excessive force which resulted in Plaintiff's fractured shoulder. (*Id.* ¶¶ 16–17.) Plaintiff alleges that he was taken into custody without probable cause and, while in custody, Plaintiff expressed his pain to the Officer Defendants, who allegedly failed to provide any medical treatment. (*Id.* ¶¶ 19–21.)

On September 16, 2024, Plaintiff filed the Complaint against Defendants alleging eleven total causes of action related to the above incident consisting of seven claims under 42 U.S.C. § 1983 and four claims under New Jersey state law. (D.E. 1–2.) On October 24, 2024, Defendants filed the instant motion and the parties timely completed briefing. (D.E. 11–13.)

II.  **LEGAL STANDARD & DISCUSSION**

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550

---

[2] The facts in this section are derived from the Complaint and are taken as true for purposes of this motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Since the police report and case disposition record that Defendants append and cite to in their opposition are not "integral to or explicitly relied upon" in the Complaint and are contested by Plaintiff, this Court may consider the existence but not the contents of those documents here. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citation omitted); s*ee Brown v. Mount Laurel Township*, No. 13-6455, 2016 WL 5334657, at *5 n.5 (D.N.J. Sept. 21, 2016) (refusing to consider police report and report that were included in motion to dismiss where complaint challenged the contents of the reports).

U.S. 544, 555 (2007) (citation omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a showing, rather than a blanket assertion, of an entitlement to relief" (internal quotation marks and citation omitted)).

In considering a motion to dismiss pursuant to Rule 12(b)(6), a district court must conduct a three-step analysis. First, it must "tak[e] note of the elements a plaintiff must plead to state a claim." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). Second, the court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). Third, the court assumes the veracity of all well-pleaded factual allegations, "constru[es] them in the light most favorable to the plaintiff, and draw[s] all reasonable inferences in the plaintiff's favor." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 556). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### A. Counts 1–6 (42 U.S.C. § 1983)

To state a claim under § 1983, a plaintiff must allege facts showing that (1) he was deprived of "rights, privileges, or immunities" afforded him under the United States Constitution or other federal law, and (2) "the conduct complained of was committed by a person acting under color of

state law." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *see* 42 U.S.C. § 1983. Section 1983 does not create any substantive rights; it merely provides a means to redress violations of federal law committed by state actors. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Plaintiff separates his Section 1983 claim into six different theories: a general violation, failure to implement appropriate policies, assault and battery/excessive and unreasonable use of force, false arrest, negligent training and supervision, and negligent hiring. As a preliminary matter, a municipality and its police department are a single entity for the purposes of § 1983 liability. *Boneberger v. Plymouth Township*, 132 F. 3d 20, 25 n.4 (3d Cir. 1997). Accordingly, the Borough of Hawthorne, and not the Hawthorne Police Department, is the proper defendant for Plaintiff's § 1983 claims.

For the reasons discussed below, all claims are dismissed without prejudice except for Count Three against the individual officers.[3]

    a. *Counts Two, Five, and Six (Failure to Implement Appropriate Policies, Negligent Training & Supervision, and Negligent Hiring)*

Count Two alleges that Defendants violated Plaintiff's constitutional rights and "did so pursuant and custom to a de-facto pattern and practice of the Defendants' deliberate indifference" to Plaintiff's constitutional rights. (Compl. ¶ 30.) Although Plaintiff includes the Officer Defendants in these claims and does not explicitly invoke *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), these claims appear to be asserted solely against the Borough of Hawthorne as a theory of municipal liability. Under *Monell*, a municipality can only be held liable if an official policy, custom, or deliberate indifference in training caused the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (reaffirming that municipality can be liable

---

[3] Count One alleges a generalized violation of Section 1983 but provides no explanation or argument for why it is not duplicative of the other five constitutional claims. Accordingly, Count One is dismissed.

4

under § 1983 only where its policies are the "moving force [behind] the constitutional violation.") (citing *Monell*, 436 U.S. at 694). A plaintiff sufficiently pleads deliberate indifference by showing that "(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Doe v. Luzerne Cnty.*, 660 F.3d 169, 180 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)).

      Here, Plaintiff's allegations are entirely conclusory and lack any factual support. Plaintiff does not identify any specific policy or custom that led to the alleged excessive force, nor does he allege a pattern of similar constitutional violations that would support a failure-to-train theory. *See Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (requiring a pattern of prior violations to establish municipal liability for failure to train); *see also Castro v. Delaware River Port Auth.*, No. 13-4467, 2014 WL 2916506, at *7 (D.N.J. June 26, 2014) (dismissing the plaintiff's § 1983 municipal liability claims where the plaintiff's complaint failed to identify a decisionmaker with final authority, a specific policy or custom, or a single incident apart from his own where the defendants were indifferent to peoples' constitutional rights as a result of the alleged policy or custom). Similarly, Plaintiff's claims regarding negligent hiring and supervision fail to provide any factual allegations regarding the officers' backgrounds, prior misconduct, or how the City's hiring and oversight practices were constitutionally deficient. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (holding that vague allegations of inadequate training or hiring are insufficient under *Monell*). Counts Five and Six are further dismissible because "merely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent." *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). Accordingly, these claims are dismissed.

   b. *Count Three (Assault and Battery/Excessive and Unreasonable Use of Force)*

Plaintiff alleges that the Officer Defendants used excessive force during his arrest, causing a shoulder injury. Although the allegations are sparse, they do clear the pleading threshold. The Court analyzes claims under 42 U.S.C. § 1983 alleging excessive force by a police officer during an arrest using the Fourth Amendment "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004). That analysis considers factors such as the severity of the offense, the immediate threat posed, and whether Plaintiff was resisting arrest. *Id.* at 396. Additional factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). While conclusory allegations of excessive force are insufficient, *see Iqbal*, 556 U.S. at 678, courts generally allow these claims to proceed when some force and injury are alleged. *See, e.g., Davis v. Carroll*, 390 F. Supp. 2d 415, 421 (D. Del. 2005) (denying motion to dismiss an excessive force claim where plaintiff alleged that corrections officers struck him in the head while he was restrained); *Morozin v. Johnson*, No. 11-2653, 2011 WL 5837146, at *5–7 (denying motion to dismiss an excessive force claim where plaintiff alleged that police officer forced him to the ground and cut his arm after he was arrested).

  Here, Plaintiff has alleged that the officers "began to assault, strike, push, and twist" Plaintiff, before continuing to "yank[] and twist[] his arm and apply[] an excessive amount of pressure and force," which eventually resulted in a fracture to Plaintiff's shoulder. (Compl. ¶¶ 15–17.) These allegations, notwithstanding that Plaintiff concedes that he was in a highly agitated emotional state, are sufficient to state a claim at the pleading stage. *See Olick v. Pennsylvania*, 739 F. App'x 722, 725 (3d Cir. 2018) (finding that, at the pleading stage, the plaintiff sufficiently

6

stated a claim for excessive force where the defendant officer "shoved him across the floor, causing an injury to his shoulder that required medical attention" while the plaintiff was "being arrested for a summary offense" and there was "no suggestion in the pleadings that he was armed, attempting to flee, or posing an immediate threat to the safety of the officer or others"). The Officer Defendants contend that they are entitled to qualified immunity. However, those arguments presently "rest on what are currently contested factual averments." *Velardo v. Lewko*, No. 18-1885, 2019 WL 5095657, at *11 (M.D. Pa. Aug. 22, 2019); *see also Monteiro v. City of Elizabeth*, 436 F. 3d 397, 405 (3d Cir. 2006) ("Although qualified immunity is a question of law determined by the Court, when qualified immunity depends on disputed issues of fact, those issues must be determined by the jury.")

To the extent Plaintiff seeks to assert an excessive force claim against the Borough, that claim must be dismissed. A municipality cannot be held liable under § 1983 on a theory of respondeat superior. *See Monell*, 436 U.S. at 691. Instead, Plaintiff must allege that the excessive force resulted from an official policy or custom. *See Connick v. Thompson*, 563 U.S. 51, 60–61 (2011). As discussed above, Plaintiff has not identified any municipal policy or custom that caused the alleged constitutional violation.

Accordingly, Count Three is dismissed as against the Borough of Hawthorne and the Hawthorne Police Department, and may proceed as against the individual officer defendants.

    c. *Count Four (False Arrest)*

Plaintiff's false arrest claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Under *Heck*, a plaintiff cannot pursue a Section 1983 claim that, if successful, would necessarily imply the invalidity of a criminal conviction unless the conviction has been overturned, expunged, or otherwise invalidated. *Id.* Here, the parties do not dispute that Plaintiff pleaded guilty to the charge for which he was arrested. Courts have consistently held that a guilty plea establishes

7

probable cause for an arrest and precludes a subsequent false arrest claim. *See, e.g., Walker v. Clearfield Cnty. Dist. Attorney*, 413 F. App'x 481, 483 (3d Cir. 2011) (holding that a guilty plea bars a false arrest claim under *Heck* because it conclusively establishes probable cause). The presence of a civil reservation on Plaintiff's guilty plea does not change this analysis. While a civil reservation may limit the plea's use in certain civil litigation contexts, it does not negate the fundamental principle that the guilty plea was and is valid and that the conviction conclusively establishes probable cause for the arrest. *See Hurt v. City of Atl. City*, No. 08-3053, 2010 WL 703193, at *5 n.13 (D.N.J. Feb. 24, 2010) (rejecting an argument that a civil reservation prevented a guilty plea from barring a false arrest claim under *Heck*). Because Plaintiff's conviction remains intact despite the civil reservation, his false arrest claim under Section 1983 is barred and must be dismissed.

### B. <u>Counts 7–11 (State Law Negligence Claims)</u>

Plaintiff stylizes his five other state law claims as negligence, gross negligence, negligent hiring, negligent supervision, and respondeat superior. For the reasons set forth below, each of these claims are dismissed.

First, any state law tort claims alleged against Hawthorne Police Department must be dismissed for the same reasons as the constitutional claims. *See* N.J.S.A. 40A:14-118 (stating that New Jersey police departments are "an executive and enforcement function of municipal government").

Second, Plaintiff's negligence and gross negligence claims fail because New Jersey does not recognize negligence-based causes of action against public employees or municipalities for discretionary police conduct. Under the New Jersey Tort Claims Act ("NJTCA"), public entities and employees are generally immune from liability for discretionary activities, including law enforcement actions. *See* N.J.S.A. 59:2-3(a). Moreover, excessive force and false arrest claims

are intentional torts, not negligence-based claims. Courts have repeatedly dismissed negligence claims where the underlying conduct involves an intentional act. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 444 (D.N.J. 2011) (dismissing negligence claims because excessive force is an intentional tort). Because Plaintiff's allegations are rooted in intentional police conduct, his negligence-based claims must be dismissed.

Third, Plaintiff's claims for negligent hiring and supervision are also barred because he fails to plead any specific deficiencies in the Borough's hiring or supervision of the Officer Defendants. To state a claim for negligent hiring or supervision, a plaintiff must plead facts showing that the employer knew or should have known of an employee's dangerous propensities. *See Di Cosala v. Kay*, 91 N.J. 159, 173 (1982) (requiring actual or constructive notice of an employee's unfitness). Plaintiff does not allege that any officer had a history of misconduct, nor does he identify any specific deficiencies in hiring or oversight that would support liability.

Finally, Plaintiff's respondeat superior claim fails because public entities in New Jersey are immune from vicarious liability for intentional torts. The NJTCA bars respondeat superior liability for claims arising from intentional wrongdoing by public employees, including excessive force and false arrest. *See Hoag v. Brown*, 397 N.J. Super. 34, 54 (App. Div. 2007) (holding that a public entity cannot be held liable under respondeat superior for intentional torts). Because Plaintiff's claims arise from alleged intentional misconduct, the Borough cannot be held vicariously liable.

Accordingly, Counts 7–11 are dismissed.

C. **Leave to Amend**

Plaintiff may file an Amended Complaint in accordance with this opinion within thirty days. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be "freely given when justice so requires."); Fed. R. Civ. P. 15(a)(2).

### III.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  An appropriate order follows.

_/s/ Susan D. Wigenton_
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Stacey D. Adams, U.S.M.J.
           Parties